# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **SMOKEHAMMER MEDIA LLC** | § | |
| *Plaintiff,* | § | **Case No.: 5:16-cv-00715** |
| | § | |
| **vs.** | § | |
| | § | **COMPLAINT** |
| **HAMMER FILMS LEGACY LIMITED** | § | |
| *Defendant.* | § | **<u>JURY TRIAL DEMANDED</u>** |

-------------------------------------------------------------

### <u>Plaintiff's Original Complaint</u>

Plaintiff <u>Smokehammer Media LLC</u> alleges the following against <u>Hammer Films Legacy Limited</u>:

### <u>Nature of the Case</u>

**1.** Plaintiff is seeking U.S. trademark registration of its trade name <u>Smokehammer</u> by application currently pending with the U.S. Patent and Trademark Office.

**2.** Defendant (through counsel) sent an email to Plaintiff (through counsel) which amounts to a "cease and desist" letter (attached hereto as **<u>Exhibit A</u>** and fully incorporated herein for all purposes) wherein Defendant demands that Plaintiff abandon and cease all use of the trademark and trade name <u>Smokehammer</u> upon the basis that it is confusingly similar to, and infringes upon, the trademark <u>Hammer</u> in which Defendant claims an interest.

**3.** Accordingly, the issues raised in this complaint are ripe and justiciable.

### <u>Parties</u>

**4.** Plaintiff, <u>Smokehammer Media LLC</u> is a Wyoming limited liability company with its principal place of business in San Antonio, Texas.

**5.** Defendant, <u>Hammer Films Legacy Limited</u> is a Private Limited Company incorporated in the United Kingdom with its principal place of business at: 33 St. James's Street, London, SW1A 1HD, United Kingdom.

## Jurisdiction and Venue

**6.  Subject Matter Jurisdiction.**  This Court has subject matter jurisdiction, *to wit*:

    **A.**  Pursuant to 28 U.S.C. §1331, as a matter arising under the Constitution, laws, or treaties of the United States;

    **B.**  Pursuant to 28 U.S.C. §1338(a), as a civil action arising under an Act of Congress pertaining to trademarks;

    **C.**  Pursuant to the Lanham Act, 15 U.S.C. §1121;

    **D.**  Pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02; and,

    **E.**  Pursuant to supplemental jurisdiction authorized at 28 U.S.C. §1367(a) because such supplemental claims are so related to claims in this action within the Court's original jurisdiction that they form part of the same case or controversy.

**7.  Personal Jurisdiction.**   This Court has personal jurisdiction over Defendant because Defendant has established minimum contacts with this forum, for which the exercise of personal jurisdiction over Defendant would not offend traditional notions of fair play and substantial justice, *to wit*:

    **A.**  Because Defendant has maintained a *general presence* and *specific presence* in the United States of America and in the State of Texas and in the Western District of Texas, continuously and systematically, through the purposeful distribution of films within such areas.  In fact, Defendant admits actively distributing and marketing at least eight (8) films around the world, in Texas and in this district (*The Curse of Frankenstein*, *Dracula*, *Let Me In*, *The Resident*, *Wake Wood*, *The Woman in Black*, *The Quiet Ones*, and, *The Woman in Black 2: Angel of Death*) (*see*, **Exhibit A**).  Each and every one of these listed films is currently being distributed and marketed in the State of Texas via multiple outlets, including Netflix, Apple iTunes, Amazon.com, and/or other distribution channels (*see*,

**Exhibit B** attached hereto and fully incorporated herein for all purposes).  Defendant has purposefully directed, and continues to direct, dozens (if not hundreds) of films containing their trademarked name into the State of Texas and this district;

**B.** Because Defendant has maintained a *specific presence* in the United States of America and in the State of Texas and in the Western District of Texas by sending **Exhibit A** wherein the Defendant has professed that property it owns, namely the <u>Hammer</u> trademark, is being trespassed upon in the State of Texas and this district where Plaintiff is located.  Equity suggests that one cannot complain about an action *occurring* in a forum and then not be subject to *defending* such complaint in that same forum.  To hold otherwise would mean that Plaintiff is subject to answering a complaint by Defendant in this court—but not vice versa—regarding the same subject matter, which *would* be contrary to notions of fair play.  If Defendant has a trademark to protect in Texas (which it claims it does), then it must be amenable to this Court with the jurisdiction to decide the issue.  Further, Defendant asserts that acts of infringement are occurring in this district;

**C.** Because there can be no doubt that this Court has *in rem* jurisdiction over the trademark <u>Hammer</u> which is federally registered with the U.S. government with coverage of such trademark extending over the entire State of Texas and this district;

**D.** Because Defendant is subject to long-arm jurisdiction of the State of Texas (Tex. Civ. Prac. Rem. Code §17.042(2)) by committing a tort within the State of Texas, to wit: interfering with Plaintiff's common law trademark through demands to abandon it, thus placing a wrongful cloud upon Plaintiff's property within Texas and this district; and,

**E.** Because a substantial portion of the events giving rise to the causes of action brought herein have occurred in and are continuing to occur in Texas and in this district.

**8.  Venue.**  Venue is proper in this district pursuant to 28 U.S.C. §1391(b)(2) because the alleged acts of infringement are occurring (if at all) in this district and because a substantial part of the events or omissions giving rise to this claim occurred or a substantial part of the property that is the subject of the action is situated in this district.

<u>**Factual Allegations**</u>

**9.**  Both parties are (or profess to be) motion picture production companies in the entertainment industry.

**10.** Defendant's films are limited to the "horror" genre, whilst Plaintiff's films are not so limited.

**11.** Defendant is a large production company intent on driving Plaintiff's small company out of business through spurious allegations that the <u>Smokehammer</u> name will somehow be confused with the <u>Hammer</u> name.

**12.** Plaintiff has filed for federal trademark registration (under class 41), pursuant to the Lanham Act, 15 U.S.C. §§1051 et seq., of the name <u>Smokehammer</u> for use in movie production, which has subsequently been approved for publication by the U.S. Patent and Trademark Office under application No. 86,815,547.  Plaintiff is actively using the trademark <u>Smokehammer</u> and has acquired common law trademark rights by using the mark for its goods and services.

**13.** Defendant was granted U.S. Trademark registration No. 2,327,653 (under classes 9 and 41) of the trade name <u>Hammer</u> on or about March 14, 2000 and U.S. Trademark registration No. 4,158,241 (under classes 9, 38 and 41) of the trade name <u>Hammer</u> on or about January 12, 2012.

**14.** On or about May 11, 2016 Defendant (through counsel) sent an email to Plaintiff (through counsel) which amounts to a "cease and desist" letter (*see*, **<u>Exhibit A</u>**) wherein Defendant demands that Plaintiff permanently abandon its trade name <u>Smokehammer</u> upon the basis that "…there is a likelihood of confusion on the part of consumers as to the commercial origin of the services."  (*See*, **<u>Exhibit A</u>**, paragraph 6).  Defendant states in such email that if Plaintiff does not abandon its

trademark and trade name, then Defendant will file an opposition with the U.S. Patent and Trademark Office.

**15.** Defendant has claimed that Plaintiff's use of its trade name <u>Smokehammer</u> constitutes trademark infringement of Defendant's <u>Hammer</u> trademark under the Lanham Act.

**16.** Plaintiff's use of the trade name and trademark <u>Smokehammer</u> creates no likelihood of confusion with Defendant's trademark <u>Hammer</u>.

**17.** Plaintiff's use of the trade name and trademark <u>Smokehammer</u> creates no dilution of Defendant's trademark <u>Hammer</u>.

**18.** Plaintiff's use of the trade name and trademark <u>Smokehammer</u> does not create or suggest a false designation of origin.

**19.** Plaintiff's use of the trade name and trademark <u>Smokehammer</u> does not work unfair competition upon Defendant.

**20.** Plaintiff's use of the trade name and trademark <u>Smokehammer</u> creates no palming off or passing off as against Defendant.

**21.** There is no infringement occurring unto Defendant by Plaintiff's use of the trade name and trademark <u>Smokehammer</u>.

**22.** <u>Smokehammer</u> is one word, not two—where the "hammer" subcomponent is not stand-alone. Further, in "Smokehammer" the only capitalized letter is the "S." To claim that "Smokehammer" can somehow be confused with "Hammer" is like saying "Westridge" can be confused for "Ridge," or that "Hollowfern" can be confused with "Fern." Merely because part of the word "Smokehammer" can be culled out to form another word does not make its use confusingly similar to every word containing the subcomponent "hammer." Furthermore, the name <u>Smokehammer</u> would never appear near <u>Hammer</u> in a list of alphabetically sorted motion picture production companies.

**23.** <u>Hammer</u> is a common formative used in many trademarks in the entertainment field.

**24.** <u>Hammer</u> is not a strong mark in the entertainment field.

**25.** <u>Hammer</u> is not a famous mark and is generally unknown by consumers.

**26.** Defendant has wrongfully placed a cloud on Plaintiff's use of the name <u>Smokehammer</u>.

<u>**Causes of Action**</u>

**COUNT 1:** <u>**Declaratory Judgment—No Trademark Infringement by Plaintiff**</u>

**27.** Plaintiff re-alleges and incorporates by reference all factual allegations contained in all paragraphs above, as though set forth verbatim herein at this point.

**28.** Plaintiff seeks declaratory judgment that Plaintiff's use of its <u>Smokehammer</u> trade name and trademark does not constitute trademark infringement against Defendant's trademark <u>Hammer</u> pursuant to the Lanham Act.

**29.** There is an actual, present, and justiciable controversy between Plaintiff and Defendant regarding whether Plaintiff's use of <u>Smokehammer</u> as a trade name and trademark is in violation of any federal rights of Defendant, as claimed by Defendant in its cease and desist email sent to Plaintiff on or about May 11, 2016 (*see*, **Exhibit A**).

**30.** Accordingly, Plaintiff seeks declaratory judgment under the Federal Declaratory Judgment Act, 28 U.S.C. §§2201–02, to settle and afford relief from uncertainty and insecurity with respect to the rights, status, and other legal relations of the parties.

**COUNT 2:** <u>**Declaratory Judgment—No False Designation of Origin by Plaintiff**</u>

**31.** Plaintiff re-alleges and incorporates by reference all factual allegations contained in all paragraphs above, as though set forth verbatim herein at this point.

**32.** Plaintiff seeks declaratory judgment that Plaintiff's use of its <u>Smokehammer</u> trade name and trademark does not constitute a false designation of origin pursuant to 15 U.S.C. §1125.

**33.** Plaintiff's use in commerce of its <u>Smokehammer</u> trade name and trademark is not likely to cause confusion, or to cause mistake, or to deceive consumers as to the origin or source of Plaintiff's

goods and services.

**34.** Plaintiff's use in commerce of its <u>Smokehammer</u> trade name and trademark is not likely to cause consumers to believe that Defendant's and Plaintiff's goods and services come from the same origin or source, or that Defendant sponsors or approves the goods or services of Plaintiff, or that Plaintiff and Defendant are somehow affiliated, connected or associated with one another when in fact they are not.

**35.** Plaintiff's use in commerce of its <u>Smokehammer</u> trade name and trademark has not caused, and will not cause, loss of goodwill and profits unto Defendant; has not damaged, and will not damage, the reputation of Defendant's genuine goods; and has not injured, and will not injure, the public by causing confusion, mistake, or deception.

**36.** Plaintiff has not used its <u>Smokehammer</u> trade name and trademark in commerce with the knowledge and intent that such use cause confusion, mistake, or deception to the purchasing public.

**37.** There is an actual, present, and justiciable controversy between Plaintiff and Defendant regarding whether Plaintiff's use of <u>Smokehammer</u> as a trade name and trademark is in violation of any federal rights of Defendant, as claimed by Defendant in its cease and desist email sent to Plaintiff on or about May 11, 2016 (*see*, **Exhibit A**).

**38.** Accordingly, Plaintiff seeks declaratory judgment under the Federal Declaratory Judgment Act, 28 U.S.C. §§2201–02, to settle and afford relief from uncertainty and insecurity with respect to the rights, status, and other legal relations of the parties.

**COUNT 3:    Declaratory Judgment—No Dilution of Trademark by Plaintiff**

**39.** Plaintiff re-alleges and incorporates by reference all factual allegations contained in all paragraphs above, as though set forth verbatim herein at this point.

**40.** Plaintiff seeks declaratory judgment that Plaintiff's use of its <u>Smokehammer</u> trade name and trademark does not constitute dilution of trademark pursuant to 15 U.S.C. §1125.

**41.** Plaintiff has established a business reputation of its own, by extensively promoting its goods and services within its industry under the name <u>Smokehammer</u>.

**42.** Defendant's business reputation has not created a distinctive quality in the <u>Hammer</u> name which is capable of dilution by Plaintiff's use of the <u>Smokehammer</u> name.

**43.** As a result of this lack of distinctiveness of the <u>Hammer</u> name, despite any claimed use and advertising in connection with Defendant's goods and services, the <u>Hammer</u> name has not become famous and does not identify a single source of services.

**44.** Therefore, Plaintiff's continued use of the <u>Smokehammer</u> name cannot constitute action likely to injure Defendant's business reputation or dilute the quality of the <u>Hammer</u> name.

**45.** Plaintiff's use of the <u>Smokehammer</u> trade name and trademark has not diluted any trade name or trademark belonging to Defendant.

**46.** Accordingly, Defendant has not sustained and will not sustain any dilution of its goodwill and reputation which it claims were established in connection with the use and promotion of the <u>Hammer</u> name and trademark.

**47.** There is an actual, present, and justiciable controversy between Plaintiff and Defendant regarding whether Plaintiff's use of <u>Smokehammer</u> as a trade name and trademark is in violation of any federal rights of Defendant, as claimed by Defendant in its cease and desist email sent to Plaintiff on or about May 11, 2016 (*see*, **Exhibit A**).

**48.** Accordingly, Plaintiff seeks declaratory judgment under the Federal Declaratory Judgment Act, 28 U.S.C. §§2201–02, to settle and afford relief from uncertainty and insecurity with respect to the rights, status, and other legal relations of the parties.

**COUNT 4:**     **<u>Declaratory Judgment—No Unfair Competition by Plaintiff</u>**

**49.** Plaintiff re-alleges and incorporates by reference all factual allegations contained in all paragraphs above, as though set forth verbatim herein at this point.

**Plaintiff's Original Complaint—Page 8 of 13**

**50.** Plaintiff seeks declaratory judgment that Plaintiff's use of its <u>Smokehammer</u> trade name and trademark does not constitute unfair competition unto Defendant pursuant to common law.

**51.** Plaintiff's use of its <u>Smokehammer</u> trade name and trademark do not constitute unfair competition against Defendant.

**52.** There is an actual, present, and justiciable controversy between Plaintiff and Defendant regarding whether Plaintiff's use of <u>Smokehammer</u> as a trade name and trademark is in violation of any federal rights of Defendant, as claimed by Defendant in its cease and desist email sent to Plaintiff on or about May 11, 2016 (*see*, **Exhibit A**).

**53.** Accordingly, Plaintiff seeks declaratory judgment under the Federal Declaratory Judgment Act, 28 U.S.C. §§2201–02, to settle and afford relief from uncertainty and insecurity with respect to the rights, status, and other legal relations of the parties.

**COUNT 5:**     **Declaratory Judgment—No Palming or Passing Off by Plaintiff**

**54.** Plaintiff re-alleges and incorporates by reference all factual allegations contained in all paragraphs above, as though set forth verbatim herein at this point.

**55.** Plaintiff seeks declaratory judgment that Plaintiff's use of its <u>Smokehammer</u> trade name and trademark does not constitute palming or passing-off pursuant to common law.

**56.** Plaintiff has not palmed off or passed off its goods and services as originating from or sponsored by Defendant.

**57.** Plaintiff's use of its <u>Smokehammer</u> trade name and trademark do not constitute inducing and contributing to palming off.

**58.** There is an actual, present, and justiciable controversy between Plaintiff and Defendant regarding whether Plaintiff's use of <u>Smokehammer</u> as a trade name and trademark is in violation of any federal rights of Defendant, as claimed by Defendant in its cease and desist email sent to Plaintiff on or about May 11, 2016 (*see*, **Exhibit A**).

**59.** Accordingly, Plaintiff seeks declaratory judgment under the Federal Declaratory Judgment Act, 28 U.S.C. §§2201–02, to settle and afford relief from uncertainty and insecurity with respect to the rights, status, and other legal relations of the parties.

**COUNT 6:     Declaratory Judgment—No Misappropriation by Plaintiff**

**60.** Plaintiff re-alleges and incorporates by reference all factual allegations contained in all paragraphs above, as though set forth verbatim herein at this point.

**61.** Plaintiff seeks declaratory judgment that Plaintiff's use of its <u>Smokehammer</u> trade name and trademark does not constitute misappropriation by Plaintiff pursuant to common law.

**62.** There is an actual, present, and justiciable controversy between Plaintiff and Defendant regarding whether Plaintiff's use of <u>Smokehammer</u> as a trade name and trademark is in violation of any federal rights of Defendant, as claimed by Defendant in its cease and desist email sent to Plaintiff on or about May 11, 2016 (*see*, **<u>Exhibit A</u>**).

**63.** Accordingly, Plaintiff seeks declaratory judgment under the Federal Declaratory Judgment Act, 28 U.S.C. §§2201–02, to settle and afford relief from uncertainty and insecurity with respect to the rights, status, and other legal relations of the parties.

**COUNT 7:     Declaratory Judgment—No Likelihood of Confusion by Plaintiff's Use of Mark**

**64.** Plaintiff re-alleges and incorporates by reference all factual allegations contained in all paragraphs above, as though set forth verbatim herein at this point.

**65.** Plaintiff seeks declaratory judgment that Plaintiff's use of its <u>Smokehammer</u> trade name and trademark does not create a likelihood of confusion with Defendant's trademark <u>Hammer</u>.

**66.** There is an actual, present, and justiciable controversy between Plaintiff and Defendant regarding whether Plaintiff's use of <u>Smokehammer</u> as a trade name and trademark is in violation of any federal rights of Defendant, as claimed by Defendant in its cease and desist email sent to Plaintiff on or about May 11, 2016 (*see*, **<u>Exhibit A</u>**).

**67.** Accordingly, Plaintiff seeks declaratory judgment under the Federal Declaratory Judgment Act, 28 U.S.C. §§2201–02, to settle and afford relief from uncertainty and insecurity with respect to the rights, status, and other legal relations of the parties.

**COUNT 8:    Declaratory Judgment—No Common Law Trademark Infringement**

**68.** Plaintiff re-alleges and incorporates by reference all factual allegations contained in all paragraphs above, as though set forth verbatim herein at this point.

**69.** Plaintiff has made use of the trade name and trademark Smokehammer in the State of Texas peaceably until Defendant placed a cloud upon same with its claim of infringement.

**70.** Plaintiff seeks declaratory judgment that Plaintiff's use of its Smokehammer trade name and trademark does not create a likelihood of confusion with Defendant's trademark Hammer.

**71.** There is an actual, present, and justiciable controversy between Plaintiff and Defendant regarding whether Plaintiff's use of Smokehammer as a trade name and trademark is in violation of any common law rights of Defendant, as claimed by Defendant in its cease and desist email sent to Plaintiff on or about May 11, 2016 (*see*, **Exhibit A**).

**72.** Accordingly, Plaintiff seeks declaratory judgment under the Federal Declaratory Judgment Act, 28 U.S.C. §§2201–02, to settle and afford relief from uncertainty and insecurity with respect to the rights, status, and other legal relations of the parties.

**73. JURY DEMAND.** Plaintiff demands a trial by jury on all issues so triable.

## PRAYER

WHEREFORE, Plaintiff prays that Defendant be cited to appear and answer, and that on final trial, the Honorable Court render judgment in favor of Plaintiff, to wit:

1. Final judgment declaring that:

   A. Plaintiff's use of the Smokehammer trade name and trademark has not infringed, and does not infringe, any actual or claimed trade name or trademark of Defendant under

federal or state law;

B. Plaintiff's use of the <u>Smokehammer</u> trade name and trademark does not constitute a false designation of origin pursuant to 15 U.S.C. §1125;

C. Plaintiff's use of the <u>Smokehammer</u> trade name and trademark is not likely to cause confusion, or to cause mistake, or to deceive consumers as to the origin or source of Plaintiff's goods and services;

D. Plaintiff's use of the <u>Smokehammer</u> trade name and trademark is not likely to cause consumers to believe that Defendant's and Plaintiff's goods and services come from the same origin or source, or that Defendant sponsors or approves the goods or services of Plaintiff, or that Plaintiff and Defendant are somehow affiliated, connected or associated with one another;

E. Plaintiff's use of the <u>Smokehammer</u> trade name and trademark has not caused, and will not cause, loss of goodwill and profits unto Defendant; has not damaged, and will not damage, the reputation of Defendant's genuine goods; and has not injured, and will not injure, the public by causing confusion, mistake, and deception;

F. Plaintiff has established a business reputation of its own, by extensively promoting their goods and services within its industry under the name <u>Smokehammer</u>;

G. Defendant's business reputation has not created a distinctive quality in the <u>Hammer</u> name which is capable of dilution by Plaintiff's use of the <u>Smokehammer</u> name;

H. Plaintiff's use of the <u>Smokehammer</u> trade name and trademark has not diluted any trade name or trademark belonging to Defendant;

I. Defendant's <u>Hammer</u> name has not become famous and does not identify a single source of services;

J. Plaintiff's use of the <u>Smokehammer</u> trade name and trademark cannot constitute action likely to injure Defendant's business reputation or dilute the quality of the <u>Hammer</u> name;

K. Plaintiff's use of the <u>Smokehammer</u> trade name and trademark do not constitute unfair competition against Defendant;

L. Plaintiff's use of the <u>Smokehammer</u> trade name and trademark does not constitute palming off or passing off as against Defendant;

M. Plaintiff's use of the <u>Smokehammer</u> trade name and trademark do not constitute inducing and contributing to palming off as against Defendant;

N. Plaintiff's use of the <u>Smokehammer</u> trade name and trademark does not constitute misappropriation;

O. Plaintiff's use of the <u>Smokehammer</u> trade name and trademark does not create a likelihood of confusion with Defendant's trade name and trademark <u>Hammer</u>;

2. All costs of court, where permitted by law;

3. Reasonable and necessary attorneys' fees, where permitted by law; and,

4. For such other and further relief, both general and special, at law and in equity, to which Plaintiff may be justly entitled—as the Court deems just and proper.

Dated: July 14, 2016

Respectfully submitted,

**Wayne Wright LLP**

<u>s/(Alexander) Wyatt Wright</u>
(Alexander) Wyatt Wright
Attorney in Charge
Texas Bar No. 24037741
5707 W. Interstate 10
San Antonio, Texas 78201
Telephone: (210) 734-7077
Facsimile: (210) 734-9965
wyatt@waynewright.com

Harold T. McCall, Jr.
Texas Bar No. 24054279
5707 W. Interstate 10
San Antonio, Texas 78201
Telephone: (210) 734-7077
Facsimile: (210) 734-9965
hmccall@waynewright.com

**ATTORNEYS FOR PLAINTIFF**